IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:06-CR-396-TCB-3 |
| OLIVAR MARTINEZ-BLANCO | : | |
| | : | CIVIL ACTION |
| | : | |
| | : | NO. 1:11-CV-540-TCB |

GOVERNMENT'S PRE-HEARING BRIEF

COMES NOW, the United States of America, by and through its counsel, Sally Quillian Yates, United States Attorney, and Suzette A. Smikle, Assistant United States Attorney for the Northern District of Georgia, and files this Pre-Hearing Brief regarding the evidentiary hearing scheduled for September 6, 2012, pursuant to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Docs 145; 145-1.)

I. PROCEDURAL HISTORY

On September 19, 2006, a grand jury sitting in the Northern District of Georgia returned an indictment that charged Defendant with four counts. On September 19, 2008, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and attempted distribution of cocaine, the first two counts. (Doc 107.) On December 3, 2008, the Court sentenced Defendant to a mandatory minimum term of life imprisonment on both counts to run concurrently. (Docs 117; 118; 133.)

On December 5, 2008, Defendant filed a direct appeal of his conviction and sentence. (Doc 119.) Upon review of the Appellant's and the Government's briefs, the Eleventh Circuit affirmed the Defendant's sentence. United States v. Martinez-Blanco, Fed.Appx. 339, 2009 WL 3166833 (11th Cir. Oct. 5, 2009).

On February 22, 2011, Defendant timely filed a § 2255 motion. (Docs 145; 145-1.) The government filed a response to Defendant's motion on March 29, 2011. (Doc. 147.) On April 13, 2011, Defendant filed a reply to the government's opposition. (Doc. 149.) More than one year after filing his initial motion, Defendant filed a supplement to his motion. (Doc. 160). In his supplement, Defendant asserted claims under two recent rulings by the United States Supreme Court -- Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376 (2012).

As stated by the government in its Response to Defendant's motion, a hearing is not required to rule on the claims asserted by Defendant in his initial motion under § 2255. Nonetheless, a hearing was ordered after Defendant filed his supplement asserting claims under Lafler and Frye. As discussed below, the rulings in those cases do not apply to this case.

## II. ARGUMENT AND AUTHORITY

**A. The Circumstances Discussed in Missouri v. Frye Are Not Present in this Case**

In Frye, 132 S.Ct. at 1408, the Supreme Court held that the right to effective assistance of counsel includes the right to be

2

told about formal plea offers. The Frye Court noted that in order to show prejudice, the Defendant "must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. [The Defendant] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Frye, 132 S.Ct. at 1409. In Frye, the government's plea offers were not communicated to the defendant. Id. at 1401.

Here, there is no dispute that the Defendant was told about the government's plea offer of August 22, 2008. Both affidavits submitted by the Defendant with his supplemental pleading confirm that the government's plea offer was discussed with the Defendant. (See Affidavit of Cathy Morris Alterman, Doc. 160-1; Affidavit of Alba Males, Doc. 161.) Thus, there can be no claim under Frye that counsel was ineffective because of failure to convey the government's plea offer as it is clear that the government's plea offer was presented to the Defendant.

Further, the defendant is unable to demonstrate a reasonable probability that he would have accepted the plea offer but for his counsel's advice because his counsel, Ms. Alterman, consistently told the government that the Defendant had no intention of signing any type of plea agreement because he maintained his innocence. This position by Ms. Alterman was confirmed when the Defendant testified at trial and asserted his innocence.

3

Further, Defendant cannot "demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." Here, the government would never have accepted a plea agreement in which the Defendant refused to agree to a factual basis outlining his guilt. The Court would also likely require that the Defendant admit to sufficient facts to establish his guilt pursuant to any plea agreement. Additionally, after Defendant testified falsely under oath, the government would never have re-offered a plea agreement agreeing to dismiss one of the 851 enhancements without, at a minimum, additional charges of perjuring and/or obstruction. Such a position would have been contrary to DOJ long-standing policy and common sense. The government is not in the business of rewarding defendants for false testimony and for attempting to obstruct justice.

In his supplement, Defendant's only claim regarding <u>Frye</u> is that he was not presented with the "option" of pleading guilty to the indictment before the government's filing of the 851 enhancement notice. The Defendant has made no assertion, however, that this option was ever available to him. The government never told the Defendant, through counsel, that it would not file the 851 notice before a change of plea hearing. The fact of the matter is, it is standard office policy to file these enhancements and Ms. Alterman made no claim in her affidavit that the government told her that it intended to deviate from that policy.

Finally, although Defendant's life sentence might be viewed as harsh, the Court in Frye specifically mentioned that trial courts "may adopt some measure to help ensure against late, frivolous, or fabricated claims . . . . after a trial leading to conviction with resulting harsh consequences."  Frye, 132 S.Ct. at 1409.  This circumstance is precisely the case here.

### B. The Pronouncements in Lafler v. Cooper Do Not Apply to This Case

In Lafler, 132 S.Ct at 1385, the Supreme Court held that when counsel's advice causes a defendant to reject a plea offer, the Defendant must show prejudice by, among other factors, proving that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)."  Defendant claims that he received "faulty counsel" regarding money laundering versus a drug distribution conspiracy, which led him to reject the government's plea offer. The facts of this case show otherwise, however, and Defendant's claim does not rise to the level of ineffective assistance of counsel under the Lafler standard.

In this case, throughout every single discussion with both the government and Judge Batten, Defendant's trial counsel indicated that the Defendant maintained his innocence and could therefore not

5

enter a guilty plea. Thus, regardless of any advice Ms. Alterman may have given the Defendant regarding money laundering or otherwise, his consistent and steadfast position that he was innocent would not have allowed him to accept any plea offer presented by the government. Therefore, there exists no reasonable probability that the government's proposed plea offer would have been presented to the Court because Defendant would not have been able to agree to a factual basis admitting his guilt. There is also no reasonable probability that the Court would have accepted a guilty plea from a Defendant refusing to agree to facts establishing his guilty.

Further, after Defendant testified at trial and asserted his innocence under oath, thereby perjuring himself in the government's view, the government would never have re-offered the previous plea offer because of the intervening circumstance - the Defendant's testimony. The Defendant's testimony also provide a sufficient basis for the position that the Defendant maintained his innocence and would therefore not have accepted a plea offer.

Although Ms. Alterman may have relied on a legal judgment that the jury accepted with regard to two counts, but rejected with regard to two other counts, her advice was not *per se* legally wrong as was the case in <u>Lafler</u>.[1] Ms. Alterman's judgment, which she

---

[1] It should be noted that in <u>Lafler</u>, the government agreed that counsel's advice to the defendant was legally incorrect. <u>Lafler</u>, 132 S.Ct. at 1383. There is no such agreement by the government here.

6

evidently conveyed to the Defendant, was based on how she, as a competent attorney, thought the jury would view the facts of this case.  She was doing her job as counsel, providing her professional view of the facts to her client.  Her position cannot be viewed as deficient and was in fact reasonable in light of prevailing standards.  The fact that the jury acquitted the Defendant on two counts further confirms that Ms. Alterman's advice was not based on ineffective assistance of counsel.

As Ms. Alterman claims in her affidavit, her view of the case was that the defendant may have been guilty of money laundering, but not possession with intent to distribute drugs.  Her position is not far-fetched based on the facts because the defendant was never found with any drugs, but was only found with money.  The fact that the jury rejected the money laundering defense with regard to two counts does not make Ms. Alterman's counsel ineffective.  An "erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." Lafler, 132 S.Ct. at 1391.  One can never predict how a jury will see the facts, but claiming ineffective assistance of counsel every time a jury disagrees with a defense would render our system of justice inoperable.

In Lafler, an available remedy is for the Court to compel the government to re-offer the plea agreement. Lafler, 132 S.Ct. at 1389.  That remedy is not available here as the Lafler circumstances are not present here.  The government's plea offer

was squarely rejected.  Further, the government's plea offer was based on the Defendant foregoing trial and agreeing to a factual basis. The Defendant instead went to trial and testified falsely. Based on those facts and intervening circumstances, the government would not have offered the same plea agreement with the same terms. Even if the Defendant wanted to do a straight-up <u>Alford</u> type plea, the government would never have agreed to dismiss an 851 enhancement under those circumstances.

In <u>Lafler</u>, the Court said "a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." 132 S.Ct. at 1388-89. Here, the government does not believe there has been a constitutional violation. Further, asking the government to re-offer a plea agreement to a defendant who testified falsely under oath would be providing a windfall to the Defendant, which is not what <u>Lafler</u> contemplated.  Thus, there is no remedy available under <u>Lafler</u> or <u>Frye</u> for the Defendant.

CONCLUSION

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence should be denied in its entirety.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/S/SUZETTE A. SMIKLE
SUZETTE A. SMIKLE
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6000
Georgia Bar No. 931142

CERTIFICATE OF SERVICE

I hereby certify that the above was prepared using Courier New 12 point font, and that I have caused a copy of the foregoing pleading to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney for Defendant:

        John Lovell
        2921 Piedmont Road, Suite C
        Atlanta, GA 30305

This 4th day of September, 2012.

        /S/SUZETTE A. SMIKLE
        SUZETTE A. SMIKLE
        ASSISTANT UNITED STATES ATTORNEY