IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| OLIVAR MARTINEZ BLANCO, | : | |
|     Petitioner, | : | **Criminal Action No:** |
| | : | 1:06-CR-396 - TCB |
| v. | : | |
| | : | **Civil Action No:** |
| UNITED STATES OF AMERICA | : | 1:11-CV-540-TCB |
|     Respondent | : | |

**OLIVAR MARTINEZ'S PRE-HEARING BRIEF**

COMES NOW Defendant, OLIVAR MARTINEZ BLANCO, by and through undersigned counsel, and, as ordered by the District Court, files this Pre-Hearing Brief in support of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255(hereinafter referred to as "2255 motion").

The Court has directed counsel to file a pre-hearing brief. Mr. Martinez asserts that the evidence will show the following:

### I.    The Government's Trial Evidence was Overwhelming

The evidence will show that trial counsel was aware of, prior to trial, and failed to comprehend the import of the following facts which overwhelmingly demonstrated Mr. Martinez's guilt:

1. Following a traffic stop of a drug courier outside a Burger King restaurant, Mr. Martinez entered the Burger King, bought nothing, and sat at a window where he had a good view of the stopped vehicle;

2. Agents observed Mr. Martinez watching this traffic stop, where 15 kilograms of cocaine were seized;

3. Mr. Martinez left the Burger King to travel to a known drug stash house;

4. Mr. Martinez entered the house without knocking and stayed for only minutes;

5. Mr. Martinez left in a different vehicle;

6. Agents seized from this house: 930 pounds of marijuana, over 16 pounds of methamphetamine, 2 kilograms of cocaine, handguns, and a machine gun;

7. Law enforcement followed Mr. Martinez from the stash house and stopped him with their emergency lights;

8. Mr. Martinez ran from the police, demonstrating knowledge of guilt;

9. $834,000 was found in the car from which Mr. Martinez ran;

10. Agents seized phones from the car from which Mr. Martinez ran; and

11. Records linked the phones in Mr. Martinez's possession to coconspirators in the drug trafficking.

Mr. Martinez, a person of "borderline intelligence," will, through counsel, rely on the government's correct assessment of the evidence offered against Mr. Martinez at trial. Ms. Smikle described the government's case as "overwhelming" throughout her response in opposition to the 2255 motion—using the word

"overwhelming" no fewer than ten times. (Doc. 147). On that subject the government and defense counsel agree, the evidence was overwhelming.[1]

This is relevant as it demonstrates that trial counsel was ineffective in properly assessing the government's case. A reasonable attorney would have advised the accused that the government's case was overwhelming and advised the accused of the pitfalls of trial rather than creating a false sense of security in a mistaken belief that the government filed the wrong charges.

## II. Trial Counsel's Assessment of the Case was Grossly Deficient

In the face of what is presently undisputed "overwhelming" evidence, trial counsel came to the mistaken conclusion that the Government had mischarged Mr. Martinez; she concluded that Mr. Martinez committed the offense of money laundering but not a drug conspiracy. Based on this misunderstanding of the law, she advised Mr. Martinez that the government could not prove the charges. Trial counsel "strongly urged" Mr. Martinez to go to trial. With this counsel, Mr. Martinez went to trial. When Mr. Martinez returned to Atlanta in 2012 for the habeas hearing, he had no comprehension of what constitutes a conspiracy.

---

[1] Counsel for Mr. Martinez will prepare a proposed stipulation outlining these facts with the agreement that the case was "overwhelming" and present it to counsel for the government to sign prior to the hearing.

By acknowledging that the evidence was "overwhelming," the Government concedes that trial counsel's advice that the Government mischarged the defendant and trial counsel's assurances that "we can beat this" were inaccurate.

Under *Lafler v. Cooper*,[2] this evidence is relevant and dispositive. In *Laffler,* counsel concluded that a gun shot below the waist could not constitute attempted murder. Here trial counsel instructed Mr. Martinez that overwhelming evidence of assisting drug dealers did not constitute participation in a drug conspiracy apparently because the evidence did not show that Mr. Martinez touched any drugs. The rule proclaimed in *Laffler* applies here.

### III.  Mr. Martinez Possesses Significantly Inferior Intelligence

The evidence will show that Mr. Martinez was not capable of understanding the government's case on his own. He was impaired in several ways. All, or virtually all, pertinent discovery was in English. Mr. Martinez speaks only Spanish. Thus, he had no access to facts pertaining to the government's case beyond what trial counsel provided. Further, Mr. Martinez is a man of inferior intellect as detailed in Dr. Flores's report.[3]

This is relevant in that the degree of Mr. Martinez's intellectual inabilities is apparent to anyone who has any meaningful contact with Mr. Martinez.

---

[2]  132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).
[3]  Contrary to the government's speculation, Mr. Martinez has never suggested that he is attempting to amend the petition to include a new count.

4

Undersigned counsel became quickly aware that, several years after the conviction, Mr. Martinez did not comprehend the meaning of a conspiracy. It was apparent that he had no comprehension of the elements of a conspiracy. Specifically, he had no understanding that one person can be held responsible for the actions of others. Dr. Flores helps to explain how a person of Martinez's low intellect would believe, particularly if told by a person in authority, that it was possible to carry money for a drug trafficking organization and not be responsible for the drug conspiracy because he never touched drugs. Mr. Martinez would be susceptible to an attorney who would explain that he could only be found guilty of the crime that he "actually committed," money laundering.

### IV.  Mr. Martinez Admitted His Involvement

The evidence will show that Mr. Martinez did not dispute that he participated in transporting money derived illegally. The government acknowledged in its response to the petition that Mr. Martinez "admitted that he . . . agreed to move a car that he believed contained approximately $20,000. . . . that he smelled marijuana when he entered the [stash house]. Accordingly, he clearly admitted that he engaged in conduct that promoted a drug trafficking scheme, and was not merely present at the scene of the crime." (Doc 147, 19-20).

This evidence demonstrates that Mr. Martinez was aware that he had transported illicit money related to narcotics. However, this simple-minded man

believed the advice of his attorney, the intelligent person in his world, who told him that the government mischarged him and could not prove its case. He was willing to admit that he committed a crime; he was given legal counsel not to.

## V. Trial Counsel Did Not Advise Mr. Martinez that a Conviction Would Result in a Mandatory Life Sentence

Trial counsel did not advise Mr. Martinez that, if convicted, he faced a mandatory minimum sentence of life. This fact is evidenced in the record where, as late as the sentencing hearing, trial counsel argued that the mandatory minimum was not binding upon the Court and asked the Court to exercise its discretion and sentence to something other than life. Doc. 133, pp. 3-8.

The relevance of this evidence requires no explanation.

## VI. Had Trial Counsel Provided Mr. Martinez Ineffective Assistance of Counsel, He would have Entered a Voluntary Plea of Guilty

Mr. Martinez most certainly would have entered a voluntary guilty plea had he been properly counseled. He is willing to do so now. He would have entered a guilty plea per the government's most recent terms but for the fact that current counsel rejected the sentence of thirty (30) years as not being materially different than life. Counsel concludes that there exists a possibility that Congress will revisit the lifetime incarceration of non-violent, low-level drug dealers. If the law does not change, the United States of America can pay to care for Mr. Martinez in his old age.

**VII. <u>Counts II. through V. of Mr. Martinez's 2255 Support the Claim of Ineffective Assistance of Counsel Alleged in Count One of the 2255 Motion</u>**

Mr. Martinez concedes that these counts are not nearly as strong as Count One of his petition. In fact, Mr. Martinez will largely rely on the record pertaining to these counts. However, the evidence of trial counsel's ineffectiveness in these areas is relevant to show that trial counsel was ineffective in representing Mr. Martinez. The Court should consider this evidence in evaluating the effectiveness of trial counsel.

## CONCLUSION

The above constitutes a summary of the evidence that Mr. Martinez intends to elicit at the hearing and rely on in his post-hearing brief. Mr. Martinez reserves the right to offer additional evidence.

Dated: This 21st day of June, 2013.

    Respectfully Submitted,
    /s/ *John Lovell*
    John Lovell
    Attorney for Defendant
    Georgia Bar No. 359390
    90F Glenda Trace, #427
    Newnan, GA 30265
    678.552.2534
    404.760.1136 (fax)

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the foregoing document was formatted in New Times Roman 14 pt., in accordance with Local Rule 5.1B, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 21st day of June, 2013.

/s/ *John Lovell*
John Lovell
Attorney for Defendant
Georgia Bar No. 359390
90F Glenda Trace, #427
Newnan, GA 30265
678.552.2534
404.760.1136 (fax)