IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **OLIVAR MARTINEZ BLANCO,** | : | |
| Petitioner, | : | Criminal Action No: |
| | : | 1:06-CR-396 - TCB |
| v. | : | |
| | : | Civil Action No: |
| **UNITED STATES OF AMERICA** | : | 1:11-CV-540-TCB |
| Respondent | : | |

### OLIVAR MARTINEZ'S REPLY TO "GOVERNMENT'S SECOND PRE-HEARING BRIEF AND RESPONSE TO DEFENDANT'S PRE-HEARING BRIEF"

COMES NOW Defendant, OLIVAR MARTINEZ BLANCO, by and through undersigned counsel, and, files this Reply Brief in support of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255(hereinafter referred to as "2255 motion"). In support thereof, Mr. Martinez argues the following:

**1. Mr. Martinez Maintained His Innocence Regarding The Drug Conspiracy Because Trial Counsel Told Him He Was Innocent Of A Drug Conspiracy**

A classic dispute over the interpretation of evidence is presented in this case. The government occupied 25 pages to argue and re-argue their contentions in support of their quest to keep a low-level Mexican drug worker in prison for the rest of his life. The government's primary argument is that Mr. Martinez maintained his innocence at trial and therefore could not have accepted the government's offer and entered a voluntary plea of guilty (or entered a non-negotiated plea prior to the filing of the enhancements). Mr. Martinez maintains

that he was told by his attorney that the government mischarged him, that he was innocent of a conspiracy and that while he might be guilty of money laundering, he was innocent of the charged drug offenses. Therefore, after trial counsel told Mr. Martinez he was legally innocent of the *charged crime*, Mr. Martinez maintained his innocence. That is not a surprise. Thus, if trial counsel testifies at the hearing that Mr. Martinez maintained his innocence, that is completely consistent with the advice that trial counsel gave Mr. Martinez. As argued in Mr. Martinez's initial pre-hearing brief, this is remarkably similar to the scenario in *Lafler v. Cooper*.[1] Indeed, as the government has acknowledged, Mr. Martinez essentially admitted to money laundering in his trial testimony. (*See* Doc. 147 at 19-20). However, he did not appreciate that the person who carried the money could be guilty of a drug conspiracy because trial counsel misguided him regarding the law.

When urging Mr. Martinez to go to trial, trial counsel wholly failed to appreciate that the Government's case was overwhelming[2] and, more importantly,

---

[1] 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

[2] The government's feckless effort to now disavow its repeated characterization of its case as overwhelming is disappointing. The government attempts to distance itself from this term by now arguing, "the term [']overwhelming['] only addressed the counts of conviction and not the entire indictment." Doc. 187 at 14. Well, the only counts challenged in the 2255 are the "counts of conviction." Rather, "overwhelming" was a term candidly used by the government. The government now appreciates that its candor may not forward its cause of incarcerating Mr. Martinez for life and asks this Court to contort the truth. Indeed, the government's willingness to adapt to accomplish its objective has

that the laundering of money obviously derived from drug distribution makes one part of a drug distribution conspiracy.

### 2. Dr. Flores's Testimony Is Being Offered Only To Support The Existing Claim, Not To Assert A New Claim

Despite Mr. Martinez's assertion in his pre-hearing brief that he does not seek to offer Dr. Flores's testimony in support of a new count, the government continues to fashion an argument around Mr. Martinez raising a new legal theory-namely incompetence to stand trial.

The government makes additional assertions and creates incongruous arguments. For instance, rather than addressing factually whether Mr. Martinez possesses borderline intelligence, the government instead presents the Court with a red herring and alleges that current counsel should have perceived that Mr. Martinez was mentally deficient "more than two years ago, when he filed the § 2255 petition." Doc 187 at 8. Of course, the government is not aware that CJA attorneys are not routinely provided funds to travel to prisons around the country. In fact, Ms. Smikle has no idea as to when habeas counsel first met Mr. Martinez. Nevertheless, in her desire to incarcerate this low level conspirator for the rest of his life, she is willing to create facts in order to create red herrings.

---

caused undersigned counsel to provide few facts beyond the minimum required by this Court.

The government does not stop there, it postulates that because Mr. Martinez deferred to trial counsel's interpretation of the law (trial counsel's explanation that Mr. Martinez's actions constituted the crime of money laundering, but not a drug conspiracy), he was therefor mentally incapable of deciding whether to enter a guilty plea. Doc. 187 at 11. Again, this is a logical fallacy. Mr. Martinez deferred to trial counsel and took his attorney at her word when she said that he was mischarged. Deferring to counsel on a question of law does not preclude one from being able to elect to enter a guilty plea after the law and concepts of culpability are properly explained. The fact is that defendants, particularly those who are uneducated, have to defer to counsel on questions of law.

### 3. Attorney General Holder's Speech to the American Bar Association[3]

Attorney General Holder stated today, "too many Americans go to too many prisons for far too long and for no good law enforcement reason." Mr. Holder continued, "[W]idespread incarceration at the federal, state and local levels is both ineffective and unsustainable. It imposes a significant economic burden — totaling $80 billion in 2010 alone — and it comes with human and moral costs that are impossible to calculate." The Attorney General presented a logical explanation:

> We will start by fundamentally rethinking the notion of mandatory minimum sentences for drug-related crimes.  Some statutes that

---

[3] Attorney General Holder addressed the ABA today, August 12, 2013. The text of his speech may be found at the DOJ website. http://www.justice.gov/iso/opa/ag/speeches/2013/ag-speech-130812.html.

mandate inflexible sentences – regardless of the individual conduct at issue in a particular case – reduce the discretion available to prosecutors, judges, and juries.  Because they oftentimes generate unfairly long sentences, they breed disrespect for the system.  When applied indiscriminately, they do not serve public safety.

This is a realization that undoubtedly struck the Court at the sentencing hearing when the Court took the unusual step of decrying the actions of the government[4] as "savage, cruel and unusual." Doc. 133, pp. 11-12. The Attorney General of the United States is a little behind this Court, but catching up. We, like Mr. Holder, appreciate that this is both a moral and economic issue. Perhaps Mr. Holder's new directives to United States Attorneys will have an impact on this case. Mr. Holder promises,

> a modification of the Justice Department's charging policies so that certain low-level, nonviolent drug offenders who have no ties to large-scale organizations, gangs, or cartels will no longer be charged with offenses that impose draconian mandatory minimum sentences.  They now will be charged with offenses for which the accompanying sentences are better suited to their individual conduct, rather than excessive prison terms more appropriate for violent criminals or drug kingpins.

---

[4] The time for semantics is long past. This is not a decision controlled by Congress or law. This is an area where the United States Attorney maintains discretion. Indeed, the government exercised discretion in electing whether to filing an enhancement subject to a plea agreement, the government held the same discretion through trial and to the present. Make no mistake, this is a vindictive government seeking to punish the weakest and lowest member of a conspiracy with a disregard for the moral or economic ramifications.

Perhaps this United States Attorney will embrace the logic of the Attorney General.[5] This case is a classic example of the government seeking the largest period of incarceration against the lowest level participant.[6] Unfortunately, the government believes it now has to make a point by enforcing a harsh penalty on someone who refused their plea offer. Perhaps the government will look at the alternative interpretation of the facts: that Mr. Martinez possesses borderline intelligence, was given ineffective counsel and went to trial on a case he never had a chance of winning because his attorney told him the government mischarged him. Perhaps the government will heed the wisdom of the Attorney General (and, I submit, this Honorable Court as expressed at the sentencing hearing) and realize that Olivar Martinez is someone who does not need to be incarcerated for life or even 30 years.

In the alternative, I suspect that facts will be presented that will allow this Court to find, under the rationale of *Lafler* that a 20 year sentence is appropriate in this case.

---

[5] There is no doubt that the government may also find reasons to distinguish the facts of this case from the admonition of Mr. Holder. However, the facts are indisputable-Mr. Martinez is precisely the sort of person who should not be incarcerated for his entire life-it is neither morally defensible or, as a matter of policy, economically sustainable.

[6] Please recall that the two convictions which placed Mr. Martinez in this situation occurred on the same day in California state court and were for relatively small-time drug distribution offenses. PSR at ¶¶ 39-40. This too complied with the technical definition of the statute, but Mr. Martinez cannot be credibly presented as the sort of offender who should be incarcerated for life.

## **CONCLUSION**

This Honorable Court should grant the relief requested by Mr. Martinez.

Dated: This 12th day of August, 2013.

                Respectfully Submitted,
                /s/ *John Lovell*
                John Lovell
                Attorney for Defendant
                Georgia Bar No. 359390
                90F Glenda Trace, #427
                Newnan, GA 30265
                678.552.2534
                404.760.1136 (fax)

CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the foregoing document was formatted in New Times Roman 14 pt., in accordance with Local Rule 5.1B, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 12th day of August, 2013.

/s/ *John Lovell*
John Lovell
Attorney for Defendant
Georgia Bar No. 359390
90F Glenda Trace, #427
Newnan, GA 30265
678.552.2534
404.760.1136 (fax)