IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLIVAR MARTINEZ-BLANCO | Criminal Action No.<br><br>1:06-CR-396-TCB<br><br>Civil Action No.<br><br>1:11-CV-540-TCB |

### JOINT MOTION TO REDUCE SENTENCE AND DISMISS § 2255 MOTION

The United States of America, by Sally Quillian Yates, United States Attorney, and William R. Toliver, Assistant United States Attorney for the Northern District of Georgia, and Defendant OLIVAR MARTINEZ-BLANCO, by and through his counsel, John Lovell, file this *Joint Motion to Reduce Sentence and Dismiss § 2255 Motion*. For the reasons stated herein, the parties ask that the Court dismiss the defendant's pending motion to vacate and set aside his sentence with prejudice, and reduce the term of imprisonment imposed as part of his sentence from life imprisonment to a term of 25 years' (300 months')

imprisonment, in the same manner that a sentence would be reduced under Rule 35, *Fed. R. Crim. P.*

1.

Defendant OLIVAR MARTINEZ-BLANCO was convicted by a jury on Counts One and Two of the indictment in this case which charged respectively that he conspired to possess with intent to distribute at least five (5) kilograms of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count One), and that he attempted to distribute at least five (5) kilograms of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846 and Title 18 U.S.C. § 2 (Count Two). Prior to trial, the Government filed a notice under 21 U.S.C. § 851 advising that the Defendant had at least two prior convictions for drug trafficking offenses. As a consequence, upon conviction, the Court imposed a mandatory term of life imprisonment for each of Counts One and Two, the sentences to run concurrently.

2.

The Defendant filed a motion to vacate and set aside his sentence under 28 U.S.C. § 2255 alleging, among other things, that he was denied the benefit of a plea agreement offered by the Government because of ineffective assistance rendered by his trial counsel. The Government, thereafter, filed a response opposing the Defendant's motion.

3.

The Government and the Defendant have now reached an agreement to resolve all issues, challenges, complaints and demands for relief associated with the defendant's § 2255 motion, his conviction, and his sentence. The terms of that agreement are as follows:

a.  Defendant OMAR MARTINEZ-BLANCO admits that he is in fact guilty of the offenses charged in Counts One and Two of the indictment and for which he was convicted by a jury,

b.  Defendant agrees and consents to the dismissal of his pending motion to vacate and set aside his sentence pursuant to § 2255, and that such dismissal be with prejudice,

c. The Government and Defendant respectfully ask that this Court issue an order reducing the previously imposed term of imprisonment to a term of 25 years (300 months) in the custody of the U.S. Bureau of Prisons on each of Counts One and Two, which terms of imprisonment will run concurrently, upon dismissal of Defendant's § 2255 motion with prejudice,

d. The Government and Defendant respectfully request that the Court reduce the imprisonment terms for Counts One and Two in the same manner as a sentence reduction under w/RT Rule 35, *Fed. R. Crim. P.*,

e. If the Court reduces the terms of imprisonment to 25 years (300 months) on each of Counts One and Two, to run concurrently, the Government and Defendant each consent to the sentence reduction and, further, agree not to challenge or contest the authority of the Court to order that the terms of imprisonment for Counts One and Two be reduced, and

The parties may request leave of the Court to present additional information or materials addressing Defendant's relative culpability for inclusion as addendums to Defendant's presentence report.

4.

The Government and the Defendant agree that nothing in either this motion or any order entered by the Court pursuant to this motion may in any way be construed or interpreted as an admission, concession, or finding concerning the merits of the Defendant's § 2255 motion.

5.

The parties agree that issuance of an order granting this motion, which complies with the terms agreed to by the Government and Defendant, would serve the interests of the parties in achieving a fair and equitable resolution of the issues and matters that are of primary concern to the parties, and will also serve the best interest of the public and the Court by conserving valuable judicial and public resources.

## Conclusion

For the reasons stated herein, the parties respectfully request that the Court grant this joint motion of the Government and Defendant by dismissing with prejudice Defendant's §2255 motion to vacate and set aside his sentence, and reducing the terms of imprisonment for Counts One and Two of the indictment to 25 years (300 months) respectively, the sentences to run concurrently.

In Open Court this 26th day of March, 2014.

> Respectfully submitted,
> SALLY QUILLIAN YATES
> *United States Attorney*
>
> _____
> WILLIAM R. TOLIVER
> *Assistant United States Attorney*
> Georgia Bar No. 714285
> William.Toliver@usdoj.gov
>
> _____
> JOHN LOVELL,
> *Attorney for Defendant*
> Georgia Bar No. 359390
> JLovell@hw-law.com
>
> X_____
> OLIVER MARTINEZ-BLANCO
> *Defendant*

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

I served this document today by handing a copy to defense counsel:

John Lovell

March 26, 2014

*(signature)*
WILLIAM R. TOLIVER
*Assistant United States Attorney*