United States District Court
Northern District of Georgia
Atlanta Division


FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY - 1 2015

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

United States of America

vs                                      Case # 1:06-CR-396-TCB-3

Olivar Martinez-Blanco


Motion for a Discretionary Sentence Reduction


Comes Now, Olivar Martinez-Blanco, Pro-se, and humbly files this discretionary motion for a reduction of sentence pursuant to 18 USC § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Amendment 782 became retroactively effective and has the effect of reducing the defendants base offense level pursuant to USSG § 2D1.1.

## Legal Argument in Support

The United States Supreme Court has held that a sentencing adjustment, pursuant to § 3582(c)(2) does not authorize a resentencing proceeding. Dillon v. United States, 560 US 817, 824 (2010)(providing that § 3582(c)(2) instead permits a modification by giving courts the power to reduce a sentence within the narrow bounds established by the Sentencing Commission). A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780-781 (11th Cir 2000). First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." Id at 780. In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment... had been in effect at the time that the defendant was sentenced." USSG § 1B1.10(b)(1). Under the second step, the court must decide whether, in its discretion and in light of the § 3553(a) factors, to retain the original sentence or to resentence the defendant under the amended guideline range. Bravo, 203 F.3d at 781.

On September 19, 2008, the jury returned a verdict of guilty on Counts One and Two of the indictment. Count One charged the defendant with conspiracy to possess with intent to distribute and distribution of at least five kilograms of cocaine between June 3 and June 4, 2005. Count Two involving the attempted possession with intent to distribute at least five kilograms of cocaine.

The new base offense level for five kilograms to fifteen kilograms of cocaine is level 30, USSG § 2D1.1 (c)(5). That would produce an advisory guideline range for Criminal History Category VI of 168 to 210 months imprisonment.

Congress enacted § 3553(a) in order to ensure that judges impose sentences "sufficient, but not greater than necessary, to comply with the purposes" of imprisonment, such as deterrence, punishment, and public safety. Pepper v. United States, 131 S.Ct. 1229, 1242 (2011). The Supreme Court has consistently instructed that "the punishment shall fit the offender and not merely the crime", and thus judges should use "the fullest information possible concerning the defendant's life and characteristics" to determine the appropriate sentence." Pepper, 131 S.Ct. at 1235, 1240.

The defendant notes that prior to concluding the sentencing hearing, the Court made an extraordinary statement demonstrating the court's view on its inability to render a reasonable sentence under § 3553(a) and the cruel and unusual nature

Page #3

of the punishment. The court found:

> It's at this point in the sentencing process that I ordinarily recite my sincere belief that the sentence is a just and fair sentence in accordance with 18 USC § 3553 (a), and that I have carefully reviewed the sentencing factors, but I can't say that in this case.
>
> The record should reflect that the court regrets that the court does not have discretion because I do not believe this is a fair and just sentence. I do not believe it takes into consideration the nature and circumstances of the offense and the history and characteristics of the defendant or for the most part any of the six characteristics in section (a)(2) of 18 USC § 3553.
>
> In fact, I think the record should reflect that the defendant should be severely punished. I think the defendant was guilty. I agree with the jury's verdict, and .... therefore, I would be comfortable sentencing the defendant to a very significant sentence, one that I think most disinterested observers would characterize as severe, most defense attorneys would probably think was unreasonable. I would do that to effectuate what I perceive to be a correct application of the 3553 factors to the facts of this case and the public policy of this country regarding illegal drugs.....
>
> However, I can't characterize this sentence as anything but savage, cruel, and unusual.

Because the defendant would not accept a guilty plea looking at a sentence of ten years, the government less than two weeks prior to trial filed a sentencing information pursuant to 21 USC § 851, which mandated a life sentence.

On April 3, 2014, this Honorable Court granted a joint motion order amending the Judgment and Commitment removing the word "life" and substitute "300 months".

Because of this joint motion I do not know how to proceeded exactly with this discretionary modification of sentence based upon Amendment 782. So, I am

Page # 4

informing this Honorable Court of the actions that have been preformmed on my case, and at the same time filing this motion in the hopes that it applies to me as well, and that it gives this Honorable Court the power to sentence me to an appropriate sentence pursuant to 18 USC § 3553 (a).

Respectfully Submitted

*Olivar Martinez*   4-27-15

Olivar Martinez-Blanco
Federal Prisoner # 59921-019
Federal Correction Institution - Medium
P.O. Box 52020
Bennettsville, South Carolina 29512