IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLIVAR MARTINEZ-BLANCO | Criminal Action No.<br><br>1:06-CR-396-TCB-ECS-03 |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MARTINEZ-BLANCO'S MOTION TO REDUCE HIS SENTENCE UNDER UNITED STATES SENTENCING GUIDELINES AMENDMENT 782

The United States of America, by John A. Horn, United States Attorney, and J. Elizabeth McBath, Assistant United States Attorney for the Northern District of Georgia, files this response in opposition to Olivar Martinez-Blanco's motion to reduce his sentence under United States Sentencing Guidelines Amendment 782. Because Martinez-Blanco was sentenced as a Career Offender, he is not eligible for relief under Amendment 782.

Under 18 U.S.C. § 3582(c)(2), this Court has discretion to reduce an already incarcerated defendant's term of imprisonment where that defendant was sentenced based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. The United States Sentencing Commission promulgated Amendment 782, which amended the Sentencing Guidelines for drug offenses by lowering the base offense level by two levels in some cases. *See* U.S.S.G. 2014 Supp. to App. C. Amendment 782 may be applied retroactively. *Id.* at Amendment 788.

Martinez-Blanco was originally sentenced on December 3, 2008, to a term of 300 months' imprisonment. (*See* Probation Office Computations, attached as Exhibit A). When calculating Martinez-Blanco's Guidelines calculations at sentencing, this Court determined Martinez-Blanco to be a Career Offender and applied Career Offender Guidelines Section 4B1.1. (*Id.*; *See also* PSR ¶ 43). The Career Offender enhancement under Guidelines Section 4B1.1, though, is unaffected by Amendment 782. *See* U.S.S.G. 1B1.10(b)(1)(providing that "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 782] had been in effect at the time the defendant was sentenced," but that "[i]n making [this] determination, the court shall substitute only [Amendment 782] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guidelines application decisions unaffected."); *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008)( holding that defendants sentenced as career offenders under § 4B1.1 are ineligible for relief under retroactive sentencing amendments). Thus, as a matter of law, Martinez-Blanco's sentence may not be lowered.

Consequently, this Court should deny Martinez-Blanco's motion for relief.

Respectfully submitted,

JOHN A. HORN
   *United States Attorney*


/s/J. ELIZABETH MCBATH
   *Assistant United States Attorney*
Georgia Bar No. 297458
Elizabeth.mcbath@usdoj.gov

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties.

December 15, 2015

/s/ J. Elizabeth McBath
J. Elizabeth McBath
*Assistant United States Attorney*